IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HAROLD YAUCH,

    Plaintiff,

vs.          Case No. 09-1286-SAC

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

    Defendant.

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits and supplemental security income payments. The matter has been fully briefed by the parties.

**I.  General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994).  Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the

1

conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in

any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other

jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

On May 21, 2008, administrative law judge (ALJ) Edmund C. Werre issued his decision (R. at 13-24). Plaintiff alleges that he has been disabled since June 1, 2005 (R. at 13). Plaintiff is insured for disability insurance benefits through December 31, 2009 (R. at 16). At step one, the ALJ determined that plaintiff has not performed substantial gainful activity since June 1, 2005, the alleged onset date of disability (R. at 16). At step two, the ALJ found that plaintiff had the following severe

impairments: degenerative disc disease of the lumbar spine, seizures, a depressive disorder, a personality disorder, and cocaine dependence in reported remission (R. at 16). At step three, the ALJ determined that plaintiff's impairments, including the substance abuse disorder, meet listed impairments 12.04 (affective disorders) and 12.09 (substance addiction disorders) (R. at 16).

The ALJ further determined that, if plaintiff stopped the substance use, plaintiff would still have a severe impairment or combination of impairments, but these remaining impairments or combination of impairments would not meet or equal a listed impairment (R. at 18). After determining plaintiff's RFC if plaintiff stopped substance use (R. at 19), the ALJ found at step four that plaintiff is unable to perform past relevant work (R. at 22). At step five, the ALJ found that plaintiff, if he stopped substance use, can perform other work that exists in significant numbers in the national economy (R. at 23). Because the ALJ found that plaintiff would not be disabled if he stopped the substance use, the ALJ concluded that plaintiff's substance use disorder is a contributing factor material to the determination of disability (R. at 23-24). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 24).

**III. Did substantial evidence support the finding of the ALJ that plaintiff's substance use disorder is a contributing factor**

**material to the determination of disability and therefore would not be disabled if he stopped substance use?**

In 1996, Congress passed Public Law 104-121. It added the following language to 42 U.S.C. § 423(d)(2):

> (C) An individual shall not be considered to be disabled for purposes of this title if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled.

20 C.F.R. § 404.1535 (disability insurance) and § 416.935 (SSI) are identical, and are the implementing regulations governing this issue. The implementing regulations make clear that a finding of disability is a condition precedent to an application of §423(d)(2)(C). The Commissioner must first make a determination that the claimant is disabled. He must then make a determination whether the claimant would still be found disabled if he or she stopped abusing alcohol or drugs. If so, then the alcohol or drug use is not a contributing factor material to the finding of disability. If however, the claimant's remaining impairments would not be disabling without the alcohol or drug abuse, then the alcohol or drug abuse is a contributing factor material to the finding of disability. The ALJ cannot begin to apply §423(d)(2)(C) properly when he has not yet made a finding of disability. Drapeau v. Massanari, 255 F.3d 1211, 1214-1215 (10th Cir. 2001). In other words, an ALJ must first conduct the

five-step inquiry without separating out the impact of alcoholism or drug addiction.  If the ALJ finds that the claimant is not disabled under the five-step inquiry, then the claimant is not entitled to benefits and there is no need to proceed with the analysis under §§ 404.1535 or 416.935.  If the ALJ finds that the claimant is disabled and there is medical evidence of his or her drug addiction or alcoholism, then the ALJ should proceed under §§ 404.1535 or 416.935 to determine if the claimant would still be found disabled if he or she stopped using alcohol or drugs. <u>Bustamante v. Massanari</u>, 262 F.3d 949, 955 (9th Cir. 2001).

The ALJ found that plaintiff was disabled, and that there was medical evidence of substance use.  The ALJ then further determined that plaintiff would not be disabled if he stopped the substance use.  It is this finding which is challenged by the plaintiff.  Plaintiff argues that the ALJ failed to point to any evidence to support his finding that plaintiff would not be disabled if he stopped the substance use (Doc. 11 at 13).

In the case of <u>Salazar v. Barnhart</u>, 468 F.3d 615 (10th Cir. 2006), the court referred to a teletype sent out by the Commissioner which pertains to Pub. L. 104-121.  The court summarized portions of the teletype as follows:

> Shortly after the law [Pub. L. 104-121] was amended, the Commissioner sent out a teletype on applying the new law, which speaks to situations where a claimant has one or more other mental impairments in addition to DAA [drug addiction or alocholism]. It stresses

7

> the need for careful examination of periods
> of abstinence and also directs that if the
> effects of a claimant's mental impairments
> cannot be separated from the effects of
> substance abuse, the DAA is not a
> contributing factor material to the
> disability determination.
>
> ..........
>
> With regard to the materiality finding, the
> Commissioner's teletype further directs that
> where a medical or psychological examiner
> cannot project what limitations would remain
> if the claimant stopped using drugs or
> alcohol, the disability examiner should find
> that DAA is not a contributing factor
> material to the disability determination.
>
> ..........
>
> Further, the Commissioner's teletype
> instructs that where the record is devoid of
> any medical or psychological report, opinion,
> or projection as to the claimant's remaining
> limitations if she stopped using drugs or
> alcohol, an ALJ should "find that DAA is not
> a contributing factor material to the
> determination of disability."

Salazar, 468 F.3d at 623, 624.

As in Salazar, the ALJ does not cite to any medical or psychological report, opinion, or projection as to plaintiff's remaining limitations if he stopped using drugs or alcohol. The ALJ indicated that he agreed with the psychiatric review technique report filled out by Dr. Cohen, and approved by Dr. Witt (R. at 17-18). However, this report simply indicated that plaintiff impairments meet listing 12.09 (substance addiction disorders), while also referencing listed impairments 12.04

8

(affective disorders) and 12.08 (personality disorders) as part of that finding (R. at 320-337).[1] The report is silent on the question of plaintiff's remaining limitations if he stopped using drugs or alcohol. Although the ALJ makes the conclusory statement that the medical record shows that plaintiff's impairments would not have remained at the level of severity if he stopped using illegal drugs, and that plaintiff's alcohol or drug use is therefore a material factor contributing to the determination of plaintiff's disability (R. at 18), the ALJ does not cite to any medical report, opinion or projection that would support this conclusory assertion by the ALJ. In the absence of any medical evidence as to plaintiff's remaining limitations if he stopped using drugs or alcohol, substantial evidence does not support the ALJ's decision, and the case shall be remanded for further hearing.[2]

---

[1]As noted earlier, the ALJ found that plaintiff's impairments met both listed impairment 12.04 and 12.09 (R. at 16).

[2]In Salazar, the court held that "anecdotal comments" from Dr. Ryan (e.g., "if she stays off alcohol she does pretty well") and the single statement from Dr. Hiltz (i.e., "her prognosis was 'fairly good, particularly if [she] maintains her clean and sober status'"), on the facts of that case, did not constitute substantial evidence that the claimant's remaining mental limitations would not be disabling in the absence of her DAA. The court noted that neither physician ever assessed whether the claimant's mental disorders were disabling in the absence of her DAA. 468 F.3d at 619, 620, 624-625. In the case before the court (Yauch), the ALJ does cite to any comments or statements from a medical source to support his finding that plaintiff's remaining mental limitations would not be disabling in the

**IV. Are the ALJ's RFC findings supported by substantial evidence?**

Plaintiff argues that the ALJ failed to comply with the requirements of SSR 96-8p when making his RFC findings. The court will not reach this remaining issue because it may be affected by the ALJ's resolution of the case on remand after determining if there is any medical or psychological report, opinion or projection as to plaintiff's remaining limitations if he stopped using alcohol or drugs. See Robinson v. Barnhart, 366 F.3d 1078, 1085 (10th Cir. 2004). However, on remand, if the ALJ needs to address the issue of plaintiff's RFC, the ALJ shall comply with the requirements of SSR 96-8p. According to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence." The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved. The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. SSR 96-8p, 1996 WL 374184 at *7.

The court would also note that the ALJ "basically agreed" with the state agency medical consultants regarding his physical

---

absence of his DAA.

10

RFC findings (R. at 19, 338-345).  Defendant, in his brief, states that "the record contains very little medical evidence of any impairment other than substance abuse" (Doc. 16 at 11). Therefore, on remand, the ALJ would be well advised to consider the case of <u>Fleetwood v. Barnhart</u>, 211 Fed. Appx. 736, 740 (10th Cir. Jan. 4, 2007).  In <u>Fleetwood</u>, the ALJ indicated that his RFC findings generally agreed with the determinations made in a state agency RFC assessment.  The court indicated that such assessments primarily consist of check-the-box forms with little or no explanation for the conclusions reached.  The court held as follows:

> These check-the-box evaluation forms, "standing alone, unaccompanied by thorough written reports or persuasive testimony, are not substantial evidence." <u>Frey v. Bowen</u>, 816 F.2d 508, 515 (10th Cir.1987); <u>see also</u> Soc. Sec. R. 96-6p, 1996 WL 374180, at *2 (permitting ALJ to rely on opinions of medical consultants if opinions are supported by evidence in case record). The record shows only a two-to-three-month work restriction imposed on Ms. Fleetwood immediately after her mitral valve replacement surgery. But **no other medical evidence in the record specifically addresses her ability to work. Dr. McGouran did not address her RFC or her ability to work in any of his treatment notes. Those notes are therefore insufficient to draw reliable conclusions about her ability to work**. [footnote omitted] **Dr. Seitsinger, the consulting doctor, who actually physically examined her, did not form specific conclusions regarding her ability to work**. He stated only that she had conversational dyspnea and dyspnea with range of motion testing, both related to her

11

obesity. Also, he noted that she could walk without assistive devices for short distances and could manipulate fine and gross objects. He did not state what effect her panic attacks or anxiety, both of which he assessed, would have on her ability to work. Nor did he indicate her ability to stand or sit during an eight-hour workday or what effect her assessed shortness of breath with a history of bronchitis and COPD would have on her ability to work. **To the extent there is very little medical evidence directly addressing Ms. Fleetwood's RFC, the ALJ made unsupported findings concerning her functional abilities. Without evidence to support his findings, the ALJ was not in a position to make an RFC determination.**

The ALJ's inability to make proper RFC "findings may have sprung from his failure to develop a sufficient record on which those findings could be based." <u>Washington v. Shalala</u>, 37 F.3d 1437, 1442 (10th Cir.1994). **The ALJ must "make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC." Soc. Sec. R. 96-8p, 1996 WL 374184, at *5**. Because the disability hearing is nonadversarial, an ALJ is obligated to develop the record even where, as here, the claimant is represented by counsel. <u>Thompson v. Sullivan</u>, 987 F.2d 1482, 1492 (10th Cir.1993); <u>accord</u> <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164, 1168 (10th Cir.1997). Even though Ms. Fleetwood's counsel did not request any additional record development, the need for additional evidence is so clearly established in this record that the ALJ was obliged to obtain more evidence regarding her functional limitations. <u>See</u> <u>Hawkins</u>, 113 F.3d at 1167-68.

<u>Fleetwood</u>, 211 Fed. Appx. at 740-741 (emphasis added).

IT IS THEREFORE ORDERED that the judgment of the Commissioner is reversed and remanded pursuant to sentence four

of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

Dated this 10th day of August, 2010, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge